FIRST NAT. BANK OF NEW ORLEANS *v.* BOHNE and others.

*(Circuit Court, E. D. Louisiana.   July 9, 1881.)*

1. HEIRS—REV. CIVIL CODE OF LOUISIANA, ART. 1013.

   Provided none of the rights of the complainant are thereby affected, a court of equity will not hold heirs to the liability, for the debts of the succession as if they themselves had contracted them, which they incur, under the provisions of article 1013 of the Rev. Civil Code of Louisiana, by neglecting to take the inventory therein required, particularly where a formal inventory of the succession has been made under judicial authority.

2. STATE AND FEDERAL COURTS—NATIONAL BANK—JURISDICTION.

   Though a corporation, incorporated under the provisions of an act of congress, may have adequate remedies in the state courts, it has a right to sue in the United States courts, and is not compelled to seek the jurisdiction of the state.

3. RES ADJUDICATA.

   The plea of *res adjudicata* cannot be successfully interposed by the respondents to a bill brought in a court of equity to enforce a judgment obtained against the same parties, when defending an action at law.

In Equity.

PARDEE, C. J.   In 1872 the First National Bank sued A. Bohne, a stockholder, for $2,000 and interest, the same being for 20 shares of the stock. The suit was put at issue. On the thirteenth of August, 1873, A. Bohne died, and in the course of the same month his wife. Their successions were opened in the probate court. The eldest son, George C. Bohne, obtained the dative tutorship of the two minor children, Francis and Bertha, took an inventory of the property, and administered the successions. In due course of law the personal property was sold, and the debts paid. The tutor filed an account in 1875, and the same after publication, was duly homologated. By this account it appears that there were five heirs, to whom was distributed the property of the estate in equal proportions, to-wit: the community property, one-fifth to each. Pending these proceedings the plaintiffs in this suit, by *scire facias*, made George C. Bohne, in his capacity as tutor of the minors, and George C. Bohne as an heir, parties to the suit pending in the United States court. The case was subsequently fixed for trial, and on February 28, 1876, judgment was rendered against George C. Bohne, tutor of the minors Francis T. and Bertha A. Bohne, for the amount claimed, $2,000 and interest, payable in due course of administration. From the date of said judgment to the present time plaintiff has taken no action under said decree.

It is proper to mention that there belonged to the joint estate of

husband and wife one piece of real estate, the homestead of the family, which was community property, and that said property was valued at the time the inventory was taken in 1873 at $3,000, still remains intact, belonging to the heirs of Bohne, and unsold. It should also be mentioned that after the judgment was rendered in 1876, in favor of the First National Bank, effort was made on the part of the tutor to sell the above-described property for the purpose of paying said judgment, or any other liabilities of the succession. After sale was made (due proceedings being taken) the probate court, for reasons given in its judgment, refused to confirm the same.

In August, 1880, complainant, to wit, First National Bank of New Orleans, brought the present suit in equity, and to these last proceedings counsel for the heirs has opposed the objections:

(1) That the claim, so far as related to George C. Bohne, Francis T. and Bertha A. Bohne, is *res adjudicata*; (2) that plaintiff is not entitled to proceed in equity, as there are plain, adequate, and complete remedies at law; (3) that in no event can a judgment be rendered against the heirs of A. Bohne for any amount beyond that which came to them by inheritance.

In the first and second objections I do not see much merit. This is a suit in equity to subject certain real estate described in the bill to the payment of a judgment, and enforce contribution from heirs, with different liabilities, where the defendants to the bill, in their answer, "admit that a writ of *fieri facias* cannot issue against said property on said judgment, and that it cannot be executed against the successions of the said A. Bohne and wife." In such a case it would be strange that an attempt to enforce the judgment by suit would defeat itself on the plea of *res adjudicata*, and it would be equally strange if a suit to subject equities and compel contribution could not be maintained on the equity side of the court. See 1 Story's Equity, 478, 479; *Taylor* v. *Mechanics' Fire Ins. Co.* 9 H. 390; *Garrison* v. *Memphis Fire Ins. Co.* 19 H. 313; *Oerlich* v. *Spain*, 15 Wall. 211; Ad. Eq. 267. See La. Rev. Civ. Code, art. 1427.

The argument of counsel as to the complete and adequate remedies the complainant has in the state courts may be perfectly sound, but complainant has a right to sue in the United States courts, and is not compelled to seek the jurisdiction of the state. In this court he has exhausted his remedy on the law side, and if he can now find any remedy on the equity side I think we may give it to him.

The third objection seems to me to have force. The two defendants Francis T. Bohne and Bertha A. Bohne, it is conceded, accepted their father's succession, with the benefit of inventory, and are not

liable beyond the property received by them. The other three heirs were majors, and accepted the shares falling to them some three years after the successions were opened, and after a full inventory and administration by the tutor of the aforesaid, who were minors. Neither of them performed any act as heir until after that inventory and administration. And the facts are not materially altered as to George C. Bohne, by showing that he was the tutor administering the estate. Rev. Civ. Code, art. 995.

Now, the question for decision is whether such acceptance as is recited above makes these three heirs liable for their respective sinile shares of complainant's judgment, although in excess of the amount received by them respectively by the successions.

Article 1427 of the Revised Civil Code fixes the liability of heirs to contribute in proportion to the part each has in the succession. Article 1013 of the Revised Civil Code makes the heir who has simply accepted, liable for the debts of the succession, as if he himself had contracted them; unless before acting as heir he make a true and faithful inventory of the effects of the succession, or has accepted with benefit of inventory.

The formal inventory required by article 1013 and preceding articles was not taken by these heirs, but one to all intents and purposes was taken at the opening of the succession; and the account and distribution filed by the tutor and homologated by the court and accepted by the heirs is in itself a substantial inventory.

In the case of *Mumford* v. *Bowman*, 26 Annual Report, 413, which was a case brought to make an heir liable on the ground of acceptance, as the party had proclaimed herself heir, and it was claimed, besides, that she had taken possession of succession effects, the court says:

"But, if she had taken possession, it may well be questioned whether the formal inventory of the succession made under judicial authority would not protect her from liability beyond its assets according to article (1006) 1013, Rev. Civil Code."

In the case under consideration none of the rights of the complainant have been affected or even jeopardized by the failure to take the formal inventory, and in equity I do not think the court should make them liable for a technical omission, injuring nobody, particularly in the light of the *dictum* in *Mumford* v. *Bowman*, quoted above.